**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SYBIL K. REED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1685** |
| **JEFFERSON PARISH GOVERNMENT, ET AL.** | **SECTION: "G"(1)** |

# ORDER AND REASONS

Before the Court is a Motion to Dismiss[1] filed by Defendants the Parish of Jefferson[2] ("Jefferson Parish") and Vanessa Zimmerman ("Zimmerman") (collectively, "Defendants"). *Pro se* Plaintiff Sybil K. Reed ("Plaintiff") brings claims against Defendants for damages related to Plaintiff's employment with Jefferson Parish, including privacy violations allegedly perpetrated by Zimmerman while in a supervisory role over Plaintiff.[3] Defendants move this Court to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), because they contend that Plaintiff fails to state a claim for which relief can be granted.[4] To date, no opposition has been filed, and the motion is therefore deemed to be unopposed. This Court has the authority to grant an unopposed motion, although it is not required to do so.[5]

Considering the motion, the memorandum in support, the record, and applicable law, the Court grants the motion in part, denies the motion in part, and grants Plaintiff leave to amend the Complaint. The motion is granted to the extent that it seeks the dismissal of the Health Insurance

---

[1] Rec. Doc. 13.

[2] The Parish of Jefferson was incorrectly named in the Complaint as Jefferson Parish Government. Rec. Doc. 1 at 2.

[3] *See* Rec. Doc. 1.

[4] Rec. Doc. 13 at 1.

[5] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

Portability and Accountability Act ("HIPPA") claims against Defendants and the Americans with Disabilities Act ("ADA") claim against Zimmerman. The motion is denied in all other respects. Plaintiff is granted leave to amend the complaint within fourteen days of this Order to cure the deficiencies noted herein with respect to the Section 1983 claims against Defendants and ADA claim against Jefferson Parish, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

## I. Background

According to the Complaint and its attachments, Plaintiff is employed by Jefferson Parish as a Senior Services Coordinator, and is currently supervised by Nicole Thompson ("Thompson").[6] Plaintiff submits that she underwent hip surgery in May 2024, which resulted in her needing accommodations in the workplace.[7] Plaintiff further asserts that she "turned in" a letter from her doctor "that stated [she] was unable to sleep on a cot," after which she was scheduled to speak with Jefferson Parish's Human Resources ("HR") staff.[8] Plaintiff alleges that HR then requested "additional medical information."[9] Plaintiff contends that she discussed this request with her "COO[,]" who stated that he would contact Thompson and Plaintiff could "voluntarily provide additional medical information" if she so desired.[10] Plaintiff further avers that when this matter was brought to Thompson, she told Plaintiff "the doctor's note that was already provided should have been sufficient, and that [Plaintiff] should have never been required or asked to go into more

---

[6] Rec. Doc. 1-5 at 1.

[7] *Id.*

[8] *Id.*

[9] *Id.* It is unclear from the Complaint whether additional medical information was shared during this meeting.

[10] *Id.*

detail about [her] medical diagnosis."[11]

Plaintiff further alleges that Zimmerman, while in a supervisory role over Plaintiff, "disclosed personal and confidential information to others in the workplace" without Plaintiff's consent.[12] An email from Dr. Dionne Nichols-Condoll ("Nichols-Condoll") is attached to the Complaint, wherein Nichols-Condoll describes a conversation during which Zimmerman discussed Plaintiff's medical issues with her.[13] According to the email, Zimmerman initiated a conversation with Nichols-Condoll during which Zimmerman "berated" Plaintiff and "stated that [Plaintiff] has the most medical issues in the department and should not even be in the position[,]" among other things.[14] According to the email, Plaintiff was made aware of this conversation through a subsequent interaction she had with Nichols-Condoll "the Tuesday before Thanksgiving" while visiting "the Bridge City Community Center[.]"[15] During the conversation, Nichols-Condoll told Plaintiff she "know[s] all about [Plaintiff's] medical issues. They were shared with [her] by Dr. Zimmerman."[16] Nichols-Condoll further stated in the email that in a subsequent meeting with Thompson, she was told not to include extensive details about her interaction with Zimmerman in a letter Nichols-Condoll was going to write in recollection of the incident.[17]

Plaintiff asserts that the aforementioned incidents amount to violations of her First and

---

[11] *Id.*

[12] Rec. Doc. 1 at 4.

[13] Rec. Doc. 1-3 at 1.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

Fourteenth Amendment rights, HIPAA privacy rules, and ADA confidentiality requirements.[18]

On August 14, 2025, Plaintiff, who was proceeding *pro se*, filed the Complaint.[19] Defendants filed the instant motion on March 6, 2026.[20] On March 31, 2026, Plaintiff's counsel was enrolled as counsel of record.[21] That same day, the Court granted Plaintiff's motion to continue the motion's submission date from April 1, 2026 to May 13, 2026.[22] Pursuant to Local Rule 7.5, opposition to the motion was due on May 5, 2026.[23] To date, no opposition to the motion has been filed.

**II. Defendants' Arguments in Support of the Motion to Dismiss**

Defendants aver that Plaintiff's First and Fourteenth Amendment, HIPAA, and ADA claims should be dismissed because the Complaint fails to state a claim for which relief can be granted.[24] First, Defendants assert that Plaintiff's First and Fourteenth Amendment claims are insufficient under 42 U.S.C. § 1983.[25] Defendants contend that Plaintiff "merely references violations" of these laws without alleging "specific facts demonstrating a constitutional deprivation."[26] Specifically, Defendants argue that "[t]o the extent [Plaintiff] attempts to assert a

---

[18] Rec. Doc. 1 at 3.

[19] Rec. Doc. 1.

[20] Rec. Doc. 13.

[21] Rec. Doc. 16.

[22] Rec. Docs. 15, 17.

[23] EDLA Local Rule 7.5.

[24] Rec. Doc. 13-1 at 3, 7.

[25] *Id.* at 3.

[26] *Id.*

constitutional right to privacy . . . her Complaint does not contain sufficient factual allegations to state this claim."[27]

Defendants then assert that Plaintiff cannot bring a claim under HIPPA because the statute "does not create a private right of action."[28]

Next, Defendants argue that Plaintiff fails to state a claim under the ADA.[29] To the extent medical information was disclosed by Zimmerman, Defendants assert it was not "obtained through an ADA-covered medical examination or disability-related inquiry."[30] Defendants also assert that the Complaint "does not allege that she suffered any tangible injury as a result of the alleged disclosure of medical information."[31] Further, regarding Plaintiff's reference to retaliation claims under the ADA, Defendants argue that the Complaint "does not plausibly allege" the requisite elements of such a claim: (1) engagement in protected activity, (2) an adverse employment action, and (3) a causal connection between the first and second elements.[32] Moreover, Defendants assert that "[t]o the extent [Plaintiff] is attempting to assert a hostile work environment claim, the Complaint does not contain sufficient factual allegations to support such a claim."[33]

Finally, Defendants argue that "any attempted ADA claim against Zimmerman must be dismissed because individual coworkers or supervisors are not subject to liability under Title I of

---

[27] *Id.*

[28] *Id.* at 7.

[29] *Id.*

[30] *Id.* at 8.

[31] *Id.*

[32] *Id.* at 9.

[33] *Id.* at 10.

the ADA."[34] Thus, Defendants argue that the Court should dismiss all of Plaintiff's claims against them.[35]

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[36] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[37] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[38] "Factual allegations must be enough to raise a right to relief above the speculative level."[39] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[40]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[41] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[42] "While legal conclusions

---

[34] *Id.* at 11.

[35] *Id.*

[36] Fed. R. Civ. P. 12(b)(6).

[37] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[39] *Twombly*, 550 U.S. at 555.

[40] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[41] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[42] *Iqbal*, 556 U.S. at 678–79.

can provide the framework of a complaint, they must be supported by factual allegations."[43] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[44] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[45] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[46] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[47] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[48]

## IV. Analysis

Plaintiff brings claims under Section 1983 for First and Fourteenth Amendment violations; HIPAA; and Title I of the ADA. Defendant argues that Plaintiff has failed to state a claim as to any of these causes of action. Accordingly, the Court addresses each claim in turn.

### *A. Section 1983 Claims*

First, the Court considers Plaintiff's Section 1983 constitutional violation claims. "To state a claim under 42 U.S.C. § 1983, 'a plaintiff must (1) allege a violation of a right secured by the

---

[43] *Id.* at 679.

[44] *Id.* at 678.

[45] *Id.*

[46] *Id.*

[47] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[48] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at *2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

constitution of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'"[49] The Fifth Circuit has held that a First Amendment retaliation claim against a government employer requires the employee to establish that (1) "she suffered an adverse employment action[,]" (2) "she spoke as a citizen on a matter of public concern[,]" (3) "she has a greater interest in the speech than the government has in the efficient provision of public services[,]" and (4) "the speech caused the adverse employment action."[50] As to the Fourteenth Amendment claim, "[t]o state an equal protection claim when discrimination is not based on a suspect classification, 'the plaintiff must show that (1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment.'"[51]

Here, Plaintiff alleges that her private medical information was shared by her employer without her consent.[52] The Complaint does not allege that Plaintiff engaged in any form of protected conduct or speech, nor does it contain allegations that she faced adverse employment action as a result. Relatedly, the Complaint does not allege any facts that suggest Plaintiff was intentionally treated differently from other employees. The Complaint merely submits that "[t]his breach . . . has caused [Plaintiff] significant emotional distress, mental anguish, and fear of retaliation."[53] Thus, Plaintiff has not alleged sufficient factual allegations to support a claim of

---

[49] *Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854–55 (5th Cir. 2012) (citing *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)).

[50] *Rushing v. Miss. Dep't of Child Prot. Servs.*, No. 20-60105, 2022 U.S. App. LEXIS 7797, at *6 (5th Cir. Mar. 24, 2022).

[51] *Dillon v. Town of Abita Springs*, No. 21-899, 2021 U.S. Dist. LEXIS 209663, at *10 (E.D. La. Oct. 30, 2021).

[52] Rec. Doc. 1 at 4.

[53] *Id.*

deprivation of her First or Fourteenth Amendment rights.

Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend her complaint.[54] "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[55] Because Plaintiff filed this Complaint *pro se*, has not previously been granted leave to amend the Complaint, and has since retained counsel, the Court grants her leave to amend the Complaint to clarify the Section 1983 claims.

### *B. HIPPA Claims*

Next, the Court considers Plaintiff's claims brought under HIPAA, specifically 45 C.F.R. § 160.103. Essentially, "HIPAA prohibits hospital personnel from disclosing protected health care information to third parties."[56] In order to be subject to HIPAA, the entity must be: (1) a health plan, (2) a health care clearing house, or (3) a health care provider who transmits any health information in electronic form in connection with a transaction covered by subchapter 160 of the Code of Federal Regulations.[57] Defendants are Plaintiff's employer and an individual who acted as Plaintiff's supervisor, neither of which are subject to HIPAA. Consequently, Plaintiff has not pled sufficient factual allegations to support a claim against Defendants under HIPAA. Furthermore, allowing Plaintiff to amend this claim would be futile, because it is clearly not

---

[54] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[55] *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[56] *Maier v. Green*, 485 F. Supp. 2d 711, 720 (W.D. La. 2007).

[57] 45 C.F.R. § 160.103.

applicable to the facts presented. Therefore, the Court grants the motion to the extent it seeks the dismissal of the HIPAA claims.

### *C. ADA Claims*

Turning to the ADA claims, Title I of the ADA provides a private right of action against employers, not individuals.[58] Thus, Plaintiff's ADA claim against Zimmerman is not legally cognizable, and allowing Plaintiff to amend the ADA claim against Zimmerman would be futile. Therefore, the motion is granted to the extent it seeks the dismissal of the ADA claim against Zimmerman.

Focusing on the ADA claim against Jefferson Parish, Title I of the ADA requires employers who obtain any information regarding an employee's medical condition or history from a medical examination or inquiry authorized under Section 12112(d) to treat such information as confidential, regardless of whether the employee is a qualified individual with a disability under the ADA.[59] Accordingly, medical information is "confidential" for purposes of Section 12112(d) claims if it was provided to the employer in response to a medical inquiry, but not if it was offered voluntarily by the employee.[60] There are three exceptions to this confidentiality mandate: (1) supervisors and managers may be informed regarding necessary work restrictions and accommodations; (2) first aid and safety personnel may be informed if the disability might require emergency treatment; and (3) government officials investigating compliance with this provision

---

[58] *See Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. 2013).

[59] 42 U.S.C. §§ 12112(d)(3)(B), 12112(d)(4)(C).

[60] *Taylor v. City of Shreveport*, 798 F.3d 276, 288 (5th Cir. 2015) ("If the employee voluntarily divulges the medical information to the employer without the employer specifically demanding the information first, or if the employer otherwise obtains the medical information outside the context of a medical inquiry or examination, then the employer has no duty under § 12112(d) to keep that information confidential.").

may be provided relevant information as requested.[61] Thus, to state a claim under Section 12112(d), the employee must allege that: (1) the information was obtained as a result of an employer-initiated medical exam or inquiry; (2) the information was not kept confidential by the employer, subject to the aforementioned exceptions; and (3) the employee suffered a tangible injury as a result of the disclosure.[62] The Court addresses each of these elements in turn.

Plaintiff alleges that the confidential medical information at issue was obtained as a result of an employer-initiated inquiry when her employer "requested additional medical information."[63] The threshold inquiry of confidentiality for claims under Section 12112(d) "focuses on the employer's active role in the disclosure," in order to prevent undue liability for information volunteered by the employee.[64] Jefferson Parish argues "[Plaintiff] does not allege that any medical information allegedly disclosed by Zimmerman was obtained through an ADA-covered medical examination or disability-related inquiry."[65] Plaintiff has not plead sufficient facts for the Court to determine whether the information was obtained through an ADA-covered medical examination or disability-related inquiry.[66] Because Plaintiff filed this Complaint *pro se*, has not previously been granted leave to amend the Complaint, and has since retained counsel, the Court grants her leave to amend the Complaint to clarify the ADA claim against Jefferson Parish.

---

[61] 42 U.S.C. § 12112(d)(3)(B)(i)–(iii).

[62] *See Franklin*, 936 F. Supp. 2d at 711.

[63] Rec. Doc. 1-5 at 1.

[64] *Dean v. City of New Orleans*, No. 11-2209, 2012 U.S. Dist. LEXIS 91099, at *55–57 (E.D. La. July 2, 2012).

[65] Rec. Doc. 13-1 at 8.

[66] *See Franklin*, 936 F. Supp. 2d at 711–12.

## V. Conclusion

For the reasons stated above, the motion is granted to the extent that it seeks the dismissal of the HIPPA claims against Defendants and the ADA claim against Zimmerman. The motion is denied in all other respects, and the Court grants Plaintiff leave to amend the Complaint to clarify her Section 1983 claims against Defendants and the ADA claim against Jefferson Parish, if possible.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss[67] is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that it seeks the dismissal of the HIPPA claims against Defendants and the ADA claim against Zimmerman. The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that the HIPPA claims against Defendants are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the ADA claim against Zimmerman is **DISMISSED WITH PREJUDICE.**

[67] Rec. Doc. 13.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the complaint within fourteen days of this Order to cure the deficiencies noted herein with respect to the Section 1983 claims against Defendants and the ADA claim against Jefferson Parish, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

**NEW ORLEANS, LOUISIANA,** this 18th day of August, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**